USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/10/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLAUDE O. POWELL, JR.,

                Plaintiff,

-against-

NEW YORK HOUSING COURT; JUDGE ANNE KATZ, HOUSING COURT,

                Defendants.

1:23-cv-4617 (MKV)

**ORDER OF DISMISSAL**

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff brings this *pro se* action for which the filing fees have been paid, seeking to challenge a decision rendered by New York Housing Court Judge Anne Katz on July 26, 2021. Plaintiff sues the New York Housing Court and Judge Anne Katz of that court. For the reasons set forth below, the Court dismisses this action because (1) it is barred by the *Rooker-Feldman* doctrine; (2) Plaintiff's claims against the New York Housing Court are barred by the Eleventh Amendment; and (3) the claims against Judge Anne Katz are barred by judicial immunity.

**STANDARD OF REVIEW**

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Moreover, the court "has the power to dismiss a complaint *sua sponte* for failure to state a claim," *Leonhard v. United States,* 633 F.2d 599, 609 n.11 (2d Cir. 1980), so long as the plaintiff is given notice and "an opportunity to be heard," *Thomas v. Scully,* 943 F.2d 259, 260 (2d Cir.1991) (per curiam); *see also Perez v. Ortiz,* 849 F.2d 793, 797

(2d Cir. 1988); Wright & Miller, *Federal Practice and Procedure* § 1357, at 301 & n.3. The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id.* (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff Claude O. Powell, Jr. brings this action using the court's general complaint form. He checks the box indicating that the basis for jurisdiction is federal question. In the section of the complaint that asks Plaintiff to state which of his federal constitutional or federal statutory rights were violated, Plaintiff writes

> 525.12 – Derelection of Duty – (a) No law enforcement officer shall negligently do any of the following:
>
> (1) Fail to serve a lawful warrant without delay;
>
> (2) Fail to prevent or halt the commission of an offense or to apprehend an offender, when it is in the law enforcement officer's power to do so alone or with available assistance.
>
> (b) No law enforcement, ministerial or judicial officer shall negligently fail to perform a lawful duty in a criminal case or proceeding. 3) Failure to intervene.

(ECF No. 1 at 2.)[1]

> Plaintiff alleges
>
> Appearing in person in Housing Court with Judge Katz, Ebony Kendricks is appearing via virtual. I informed the Judge that Ebony illegally locked me out of apartment. I requested that Ebony be arrested. Judge then convinces her to come in person to court to show records of the lease. Throughout court proceedings I asked her to arrest Ebony due to illegally locking me out of the apartment. Judge Katz refused and decided there was no bearing and the case was over.

(*Id.* at 5.)

Plaintiff seeks one hundred million dollars in damages.

---

[1] The Court quotes the complaint verbatim. All spelling, punctuation, and grammar are as in the original.

## DISCUSSION

### A. Claims Under 28 U.S.C. § 1983

Because Plaintiff alleges that Defendants violated his rights, the Court construes Plaintiff's claims as arising under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### B. *Rooker-Feldman* Doctrine

The Court interprets Plaintiff's complaint as challenging Judge Katz's decision rendered in the New York Housing Court on July 26, 2021. Plaintiff's challenge is barred under the *Rooker-Feldman* doctrine. The doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). The *Rooker-Feldman* doctrine applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state-court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

Here, Plaintiff can be understood as complaining that Judge Katz refused to grant Plaintiff's request to have Ebony Kendricks arrested for illegally locking Plaintiff out of the

4

apartment. Accordingly, Plaintiff's claim is for injuries "caused by the state-court judgment[s]," *Exxon*, 544 U.S. at 284, that he invites this Court to review and reject after a state court judgment was rendered against him. His claims are therefore barred by the *Rooker-Feldman* doctrine.

## C. Eleventh Amendment Immunity

Plaintiff's claims against the New York Housing Court must also be dismissed. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the State immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Because the New York Housing Court and other state courts are part of the New York State Unified Court System, *see* N.Y. Const., Art. 6, § 1(a), the Eleventh Amendment bars Plaintiff's claims against the state court from proceeding in federal court. *See Gollomp*, 568 F.3d at 368 (holding that the New York State Unified Court System "is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity"). The Court therefore dismisses Plaintiff's claims against the New York Housing Court as barred by the Eleventh Amendment.

## D. Judicial Immunity

Plaintiff's claims Judge Anne Katz must also be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or

related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Judge Anne Katz acted beyond the scope of her judicial responsibilities or outside her jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Judge Anne Katz for "acts arising out of, or related to, individual cases before [her]," she is immune from suit for such claims. *Bliven*, 579 F.3d at 210. To the extent that Plaintiff seeks monetary damages against this Defendant, the Court dismisses Plaintiff's claims against Judge Anne Katz as barred by the doctrine of absolute judicial immunity.

### E.     Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because this action as barred by the *Rooker-Feldman* doctrine and because Plaintiff's claims

against the New York Housing Court are barred by the Eleventh Amendment, and his claims against Judge Anne Katz are barred by judicial immunity, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint is dismissed as barred by the *Rooker-Feldman* doctrine.

The Court dismisses Plaintiff's claims against the New York Housing Court as barred by the Eleventh Amendment.

The Court dismisses Plaintiff's claims against Judge Anne Katz as barred by the doctrine of absolute judicial immunity

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

**SO ORDERED.**

**Dated:   October 10, 2023**
**         New York, New York**

*[signature: Mary Kay Vyskocil]*

**MARY KAY VYSKOCIL**
**United States District Judge**